IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Smith,<br><br>           Petitioner,<br><br>vs.<br><br>Criag Apker,<br><br>           Respondent. | No. CV 11-328-TUC-FRZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

      Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition), filed on June 1, 2011. (Doc. 1) Petitioner, Raymond Smith, claims his constitutional rights were violated when he was convicted of a disciplinary violation without due process.

      Before the Court is the Petition with exhibits (doc. 1), Respondent's return with accompanying exhibits (doc. 10) (Answer), and Petitioner's reply (doc. 13).

      Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 4)

      For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order denying the Petition.

**I.    PROCEDURAL BACKGROUND**

      Petitioner is presently incarcerated in the United States Penitentiary (USP) - Tucson. (Petition, p.1; Answer, Ex. 1). This was also his place of incarceration at the time he filed his Petition. (Petition, p.1) At the time of the incidents which resulted in the disciplinary proceedings at issue in this Petition, however, Petitioner was housed at

Federal Correctional Institution (FCI) II Victorville, California. Petitioner contends that his constitutional rights were violated when he was convicted of a disciplinary violation without due process. Petitioner's disciplinary conviction resulted in the loss of good time credits. Smith is currently serving a 400-month sentence of incarceration for conspiracy to distribute narcotics, and attempt to possess with intent to distribute narcotics, and is projected to complete this sentence on November 19, 2030, via Good Conduct Time Release. (Answer, Ex. 1, Attachment 2)

## II.   DISCIPLINARY HEARING AND PROCEEDINGS

On July 24, 2010, Smith was observed with receiving items from his girlfriend in the visiting room during the visit, taking the items in his mouth and swallowing the items. (Answer, Disciplinary Hearing Officer Report, ¶ III.C.4, Officer S. Guevera's statment) Petitioner was searched and placed on Dry Cell Status in the Special Housing Unit (SHU), and, on July 27, 2010, provided a stool sample which, upon inspection, contained six balloons. (Answer, Incident Report, ¶ 11.) The balloons contained a substance which SIS staff tested on July 28, 2010 for narcotics. (*Id.*) The substance tested positive for THC, an active ingredient in marijuana, and SIS Technician C. Herrera reported the incident as a violation of Code 111, Introduction of Narcotics. (*Id.*, ¶¶ 11-13, Ex. 2, ¶ 6)

On July 28, 2010, Lieutenant M. Lopez, delivered a copy of the Incident Report to Smith, advised him of his right to remain silent, and conducted an investigation of the incident. (*Id.*, ¶¶ 14-16, 22-23) When asked if he wished to comment, Petitioner stated "no comment" and offered no additional information during this stage of the investigation. (*Id.*, ¶¶ 24-25) Based on the information summarized above, Lieutenant Lopez concluded that Smith had been properly charged, recommended that Smith remain in the SHU, and that the incident be referred to the Disciplinary Hearing Officer for further processing. (*Id.*, ¶ 27)

Smith commented to the Unit Disciplinary Committee (UDC) regarding the incident report, that he should not be charged with introduction in violation of Code 111, rather he should be charged only with possession because he found the drugs on the yard. (*Id.*, ¶ 17) The UDC referred the inmate to the Disciplinary Hearing Officer (DHO) for

further action, and recommended that Smith lose phone and visiting privileges for one year. (*Id.*, ¶ 20)

On August 18, 2010 R.A. Byrd, the DHO, conducted a disciplinary hearing. (Answer, Attachment 2, Discipline Hearing Officer Report) Petitioner requested a staff representative and Case Manager Hammoude appeared and provided a statement from Medical. (*Id.*, ¶ II.B-D.) Requested witnesses, Lieutenant M. Finerfrock and Officer S. Guevara did not appear, but submitted statements. (*Id.*, ¶ III.C.4)

The DHO found Petitioner committed the prohibited act of possession of narcotics paraphernalia, in violation of Code 113. (*Id.*, ¶ V) The DHO based her findings on the reporting officer's statements, the photographs of the colored balloons, and the statements of inmate Smith. (*Id.*) The DHO sanctioned Petitioner to a loss of 40 days good conduct time, 60 days of disciplinary segregation, 1 year loss of visits, 6 months immediate family only visits, and recommended a disciplinary transfer. (*Id.*, ¶ VI)

### III.   DISCUSSION

    A.   <u>Jurisdiction</u>

A federal court may not entertain an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Writ of habeas corpus relief extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(1) & (3). A prisoner who wishes to challenge the manner, location, or conditions of a sentence's execution must bring a petition pursuant to § 2241 in the custodial court. *Hernandez,*, 204 F.3d at 864, and must file the petition in the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

In the instant case Petitioner is seeking relief with respect to disciplinary proceedings that, in part, resulted in the loss of good time credit while incarcerated at USP-Tucson.  Petitioner is challenging the legality of the manner in which his sentence is being executed. Thus, the Petition is properly before this Court under 28 U.S.C. §2241.

B. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The Government concedes that Petitioner exhausted his administrative remedies regarding the disciplinary action. (*See* Answer, Doc. 10, at 8, ¶ 14; Ex.1, ¶ 4; *see also* Petition, at 2, and Exhibits)

C. Merits

*1. Due Process*

Federal prisoners have a statutory right to good time credits. *See* 18 U.S.C. § 3624. Accordingly, they have a due process interest in the disciplinary proceedings that may take away those credits. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987)(citing *Wolff*, 418 U.S. at 563-66.). "The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals." *Id.* (citing *Wolff*, 418 U.S. at 566.) Once these *Wolff* procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some evidence." *Superintendent. Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1984) ("The requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board.")

Petitioner asserts that the he was not given a 24-hour notice prior to the hearing before the DHO, contrary to Program Statement (P.S.) 5270.08 and CFR 541.17.[1]

---

[1] Presumably Petitioner is referring to 28 C.F.R. § 541.17 (2010). The regulations promulgated in this section have, since the time of Petitioner's offense been revised and renumbered. *See* 75 FR 76263-01. The regulation directing the timing of DHO hearings is now found at 28 C.F.R. 541.8, Inmate Discipline and Special Housing Units, Discipline Hearing Officer hearing. This Report and Recommendation will refer to the 2010 version of the regulations in existence at the time of Petitioner's disciplinary

Petitioner further asserts that the UDC staff violated the rights of Petitioner in not securing a confidential hearing for Petitioner, and conducted the hearing in an area in front of the inmate's cell while housed within the SHU, contrary to policy regulation 5293.052.

### *1.    Notice*

In the federal prison system, the Bureau of Prisons has, by regulation, adopted specific guidelines for inmate discipline procedures which are set forth at 28 C.F.R. § 541.10 *et seq*. These guidelines largely track the due process requirements established by the Supreme Court in *Wolff. See Young v. Kann*, 926 F.2d 1396, 1404 (3rd Cir. 1991). Under these regulations, when prison staff have reason to believe that a prohibited act has been committed by an inmate, an incident report must be prepared and referred for investigation. 28 C.F.R. § 541.14. After investigation, the incident report is referred to a Unit Discipline Committee (UDC) for an initial hearing. 28 C.F.R. § 541.15. The inmate, in turn, is entitled to notice of any proposed violation. The UDC may either reach a finding regarding whether a prohibited act was committed, or refer the case to the Discipline Hearing Officer (DHO) for further hearing. 28 C.F.R. § 541.15(f). The DHO then has the authority to dismiss any charge, to find a prohibited act was committed, and to impose any available sanction for the act. 28 C.F.R. § 541.18. The DHO hearing is conducted pursuant to the procedures set forth at 28 C.F.R. § 541.17.

Throughout this hearing process the inmate is provided with a series of procedural rights. For example, the inmate is entitled to notice of the alleged infraction. Specifically, the Warden must give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing. 28 C.F.R. § 541.17(a). The inmate is also entitled to assistance at DHO hearings. In particular, the Warden must provide the inmate with a full time staff member to represent him at the DHO hearing. 28 C.F.R. § 541.17(b).

As to Petitioner's claim that the disciplinary procedures violated his due process rights because he was not given notice, specifically by the Warden of the facility, 24

proceeding.

hours prior to the hearing, Petitioner's argument fails as a matter of fact, and as a matter of law. Pursuant to both Bureau of Prison policy and federal regulations, an inmate is to be given written notice of a charge no less than 24 hours before the DHO's hearing. *See* P.S. 5270.08 and 28 C.F.R. § 541.17. The Incident Report was written by SIS Technician C. Herrera on July 28, 2010, at approximately 9:30 am. The written notice was provided to Petitioner on July 28, 2010, at approximately 12:40 pm by Lieutenant Lopez. This notice was provided to the inmate well over 24 hours before his appearance before the DHO. Though Petitioner states that the Warden is specifically designated with the duty of ensuring that the inmate receives this notice, and that in this case, this was not accomplished, there is no provision in the program statement or the regulations that this duty may not be delegated. *See* 28 C.F.R. 541.17 (2010). In fact, the Program Statement specifically contemplates that notice will be provided by "staff." *See* P.S. 5270.08.

Additionally, even if it were a violation of prison regulations for the Warden to fail to individually notify Smith of the charge, a violation of a Bureau of Prisons' regulation does not rise to a due process violation. Indeed, due process does not impose a requirement that notice be provided by the Warden. As noted above, the Supreme Court held that the Constitution requires compliance with minimal federal due process standards and explained that these minimal requirements are: (1) written notice of the charges against him at least 24 hours before his hearing; (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-67. As these requirements were met in this case, Petitioner's dissatisfaction with process of his notification does not implicate due process concerns, and Petitioner has not in fact articulated any way in which he was harmed by this delegation of the notification procedures. Moreover, the relevant inquiry is not "whether the prison complied with its own regulations," but whether Plaintiff was "provided with process sufficient to meet the *Wolff* standard." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir.1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S.

472 (1995).

### 2. *Confidential UDC hearing*

As to Petitioner's claim that his UDC hearing was not conducted in a secure hearing location, this claim also fails to raise a due process violation. Petitioner alleges this violates policy regulation 5293.052. The Court was unable to find a Bureau of Prison Policy Statement 5293.052, but presumes that Petitioner is referring to the form "Inmate Rights at Discipline Hearing" which is form BP-A0293, a form that replaced BP-S293(52). That form explains the rights an inmate has at a Discipline Hearing in front of a DHO. Petitioner has not alleged that he was not given a copy of the charges, was denied the right to a staff representative, the right to call witnesses, to present a statement, to be present throughout the hearing, to be advised of the DHO's decision, or to appeal the decision of the DHO. Though Petitioner states he was unable to communicate with the UDC in confidence, he has not alleged that he requested to speak with the UDC in a confidential setting, or that he was later unable to present any confidential information in his defense to the DHO in a confidential setting. Petitioner does not allege any facts at this time that he would have presented had he had the opportunity to do so.

### 3. *Staff Representative and Witnesses*

Petitioner raises for the first time in his reply a claim that either the failure of the DHO to allow the requested staff witnesses to testify, instead of submitting written statements, or the failure of his requested staff representative to represent him instead of Case Manager Hammoude, would have cast doubt about his actual guilt in this instance, or would have assisted him in bringing the due process issue to the forefront in a way that he could not. It is well established, however, that the Court will not address an argument raised for the first time on reply. *See United States v. Berry*, 624 F.3d 1031, 1039 n. 7 (9th Cir. 2010) (declining to address an argument raised for the first time in a reply brief in a § 2255 motion); *Belgrade v. Montana*, 123 F.3d 1210, 1216 (9th Cir. 1997) (declining to consider claims not raised in the original habeas petition to the district court).

Furthermore, the Court has reviewed the incident report and the DHO report and

finds that the due process requirements of a prison disciplinary hearing, as established by *Wolff, supra,* were met in this case. The Petitioner received notice well in advance of the hearing. The hearing was conducted by DHO R. A. Byrd, whom the Petitioner does not dispute was an impartial officer. Petitioner was allowed to present witnesses and documentary evidence. He was also afforded an opportunity to have a staff representative. Petitioner was given a copy of the DHO's report which contained a written statement of the evidence relied upon and the reasons for the sanctions on August 20, 2010. During the hearing, Petitioner argued that he should have been charged with Code 113 instead of Code 111, but presented no evidence that he was in fact innocent of the charges. The DHO agreed with the inmate and found him to have committed the prohibited act of Code 113.

Accordingly, the Court finds that Petitioner's claim that he was deprived of due process is without merit and fails to provide a basis for relief.

**IV.        RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after its independent review, enter an order DENYING the Petition.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.

If objections are filed the parties should use the following case number: **No. CV-11-328-TUC-FRZ.**

**Dated this 15th day of March, 2012.**

*/s/ Bernardo P. Velasco*
Bernardo P. Velasco
United States Magistrate Judge